IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

CASE NO: 03597 -XXXX-MA
DIVISION:

RALPH R. CRABTREE,

    Plaintiff,

vs.

DONZI MARINE, LLC,
a Delaware Limited
Liability Company,

    Defendant.

3:07-cv-464-J-33MCR

DIVISION CV-D

## COMPLAINT



THIS INSTRUMENT IN COMPUTER C.S.

Plaintiff sues Defendant and alleges:

### General Allegations

1. Plaintiff is a resident of Jacksonville, Duval County, Florida.

2. Defendant, Donzi Marine, LLC (hereinafter called "Donzi") at all times material herein was:

    (A)    a Delaware limited liability company;

    (B)    manufacturing new Donzi boats in Florida and distributing the same in interstate commerce including into the State of Florida for purchase and use by ultimate consumers;

    (C)    a "supplier" within the definition of 15 U.S.C. §2301(4) (namely, "any person engaged in the business of making a consumer product directly or indirectly available to consumers");

1

(D) a "warrantor" within the definition of 15 U.S.C. §2301(5);

(E) an assignor to the Plaintiff of all warranties provided by the manufacturers and distributors of components or parts for the vessel to the Owner...." pursuant to Donzi's warranty, copy of which is hereinafter attached; and,

(F) advertising in interstate commerce via various magazines as published in various states in the United States of America and in brochures distributed including the representation that a new Donzi yacht is "the highest quality, best performing boat available."

3. (A) On or about April 6, 2005, the Plaintiff purchased from Donzi a new Donzi 38ZF without motors (in accordance with the Purchase Contract), a copy of which is attached hereto and marked Exhibit "A". However, the attempted exclusions of implied warranties of merchantability and fitness for particular purpose and all other warranties which may have been implied were ineffective for purposes of state law and for purposes of Magnuson-Moss Federal Warranty Improvement Act by virtue of the application of 15 U.S.C. §2308(a) and (c).

(B) At or about the time of delivery of the subject vessel by Donzi, Donzi delivered a bulk of materials in a briefcase to the Plaintiff. Among these materials was a notebook binder entitled "ZF Owners Manual" which contained therein an indication of a Pre-Delivery Manual in connection with preparing the boat for delivery and an indication concerning warranty by Donzi including various documents thereafter which applied to the subject vessel. A copy of the front of said binder, the Pre-Delivery Manual and the Warranty are attached hereto and marked "Composite Exhibit B".

(C) At or about the time of delivery of the subject vessel, and/or prior thereto, Donzi distributed to the Plaintiff an "Owners Manual" which contained an Introduction which

represented on behalf of Donzi that "Donzi was synonymous with quality and performance" and that by "Owning a Donzi means that you have purchased the highest quality, best performing boat available". A copy of the pertinent page of the brochure is attached hereto and marked Exhibit "C".

(D) Prior to the delivery of the subject vessel to the Plaintiff, Donzi completed a Pre-Delivery Inspection as set forth in the Owners Manual. In connection with same, Donzi orally represented to the Plaintiff on or about April 6, 2005, that the vessel was ready for delivery and in fact delivered same.

(E) However, among the documents (included in that volume of bulk material supplied to the Plaintiff) there was no Pre-Delivery Service Record filled out and signed by Donzi, even though Donzi represented that such pre-delivery service had been accomplished. Such Pre-Delivery Service Record constitutes a "written warranty" as defined in 15 U.S.C. §2301(6)(A).

(F) Pursuant to 15 U.S.C. §2308 (a) and (c), the disclaimers of implied warranty attempted to be made by Donzi to the Plaintiff are a violation of that section of law and are ineffective for purposes of the Magnuson-Moss Federal Warranty Improvement Act (hereinafter called "The Act") and state law.

4. The Court has subject matter jurisdiction and personal jurisdiction over the Plaintiff and Defendant.

5. The Plaintiff is an avid sportsman and, at all times material hereto, Donzi knew the Plaintiff intended to utilize the boat for professional and amateur sport fishing tournaments and competitions.

6. Commencing with the initial delivery of said vessel and continuing through the time of filing of this Complaint, the Plaintiff experienced numerous and continuing problems

3

with the vessel, its components and, especially, its hull, as evidenced by and as listed in detail on the attachments to letters and letters dated October 2, 2006 and November 1, 2006, copies of which are attached hereto and marked "Composite Exhibit D".

7. After all of the aforesaid repairs and opportunities to repair were given to the Defendant, problems as listed on the above "Composite Exhibit D" still existed.

8. In addition to the above problems, in July, 2006, a little over one (1) year from the delivery date of the boat, the Plaintiff participated in the Greater Jacksonville Kingfish Tournament and, during the course of the three (3) day event, the structural support of the boat hull collapsed and failed.

9. Upon inspection, the internal structural support had collapsed within the boat hull and the stringers, running from bow to stern on the port side of the boat, had snapped free from their fasteners. The collapse of the internal structural support created immense stress on the hull and exterior gel coat. Upon the Plaintiff's return to the tournament base, the gel coat had already begun to flake off the hull exterior, further evidencing the internal hull collapse.

10. The Plaintiff delivered the boat to Donzi in July of 2006 and Donzi has had possession of the boat for ten (10) months. Of the twenty-four (24) months since delivery of the boat, Donzi has had the boat for ten (10) months.

11. While in its possession, Donzi sliced the boat deck in half in an attempt to repair the damaged internal structural supports of the boat. At no time prior to taking delivery of the boat, and at no time prior to slicing the boat in half, did Donzi notify the Plaintiff that it intended to cut the Plaintiff's boat deck in half. Further, Donzi attempted to repair the damaged internal supports instead of replacing the damaged parts.

12. The Plaintiff learned that his boat was in two (2) pieces by happenstance. Donzi represented to the Plaintiff that the boat was repaired and ready to be delivered to Plaintiff. The Plaintiff had a representative of his fishing team go to the Donzi storage and repair center on the day that Donzi made the aforementioned representation. The Plaintiff's representative reported to the Plaintiff that: the boat was, in fact, not repaired; the boat was cut into two (2) pieces; the deck was removed from the bow to the center console; and, the hull was completely exposed to the elements.

13. As a result of cutting/slicing the boat in two (2) pieces, the structural integrity of the boat has been forever compromised and cannot be used for its intended purpose.

14. All conditions precedent (including notice of breach and opportunity to cure) have occurred.

### COUNT I

### (Breach of Implied Warranty of Merchantability)

15. This is an action for damages in excess of $15,000.00, and the Plaintiff realleges all allegations previously alleged in Paragraphs 1 through 14 above.

16. Donzi impliedly warranted that the vessel, and its equipment, which it sold were of merchantable quality.

17. Donzi breached its aforesaid warranty by virtue of the facts as afore-alleged.

18. As a result, the Plaintiff has never received the use and value of goods as warranted; the Plaintiff has lost and/or incurred expenses for incidental and consequential damages (including loss of use, storage and/or dockage fees, insurance, inspection, maintenance, etc.); the Plaintiff has lost prejudgment interest on the amounts of damages sustained; the Plaintiff has incurred attorneys fees and costs in connection with his representation herein; and said damages and losses are continuing in nature.

19. The Plaintiff hired the law firm of Crabtree & Fallar, P.A. to represent him in this matter and is obligated to pay Crabtree & Fallar, P.A. a reasonable fee for services rendered.

**WHEREFORE**, the Plaintiff demands judgment for damages, costs, pre-judgment interest and attorney's fees (pursuant to Sec. 57.105(5) Fla. Stat. (1999) and based upon Donzi's contract of sale (as afore-attached), against Defendant.

### COUNT II
### (Breach of Implied Written Warranty of Fitness for Particular Purpose against Donzi)

20. This is an action for damages in excess of $15,000.00 and the Plaintiff realleges all allegations previously alleged in Paragraphs 1 through 14 above.

21. At the time of contracting for the purchase of the aforesaid vessel, the seller had reason to know of the particular purpose for which the goods were required, including offshore usage and the dependability for same including in rough, wet and rainy weather, and that the buyer was relying upon the Seller's skill or judgment to select or furnish suitable goods for said purpose.

22. At the time of the sale, the Seller, by reason of the above facts as alleged, impliedly warranted that the subject goods were fit for the particular purpose as afore stated.

23. The Plaintiff hired the law firm of Crabtree & Fallar, P.A. to represent him in this matter and is obligated to pay Crabtree & Fallar, P.A. a reasonable fee for services rendered.

WHEREFORE, the Plaintiff demands judgment for damages, costs and attorney's fees (pursuant to Sec. 57.105(5) Fla. Stat. (1999) as based upon Donzi's contract of sale (as afore-attached) against Defendant.

## COUNT III
### (Breach of Obligations Under and Violations of the Magnuson-Moss Federal Warranty Improvement Act by Donzi)

24. This is an action for damages and/or refund of goods costing in excess of $15,000.00 and the Plaintiff realleges all allegations previously alleged in Paragraphs 1 through 14 above.

25. Donzi expressly warranted the subject goods in connection with the Pre-Delivery Service Record (which constituted a "written warranty" within the definitions and meanings of 15 U.S.C. §2301(6) to the Plaintiff, who was a "consumer", as defined by the same section of law at subsection (3), which warranty covered the subject goods, which were a "consumer product", as defined under the same section of law at section (1) thereof.

26. By virtue of the requirements of disclosure and duty of disclosure upon Donzi as contained in 15 U.S.C. §2306, Donzi was required to conspicuously disclose the terms, conditions and coverage of its warranty which it sold; Donzi was required to designate whether or not its aforesaid warranty and/or warranties were full and/or limited pursuant to 15. U.S.C. §2303; Donzi was required pursuant to 16 C.F.R. Sec. 701.03 to provide a statement of what the warrantor (1) would do in the event of a defect malfunction or failure; (2) a step-by-step explanation of the procedure which the consumer should follow in order to obtain performance of any warranty obligation, including the person or class of persons authorized to perform warranty obligations, as well as the names of the warrantors and

their mailing addresses and/or telephone number, which consumers may use without charge to obtain information on warranty performed; (3) any limitation on the duration of implied warranty as disclosed on the face of the warranty as provided in Sec. 108 of the Act; (4) any exclusions or limitations on the relief such as incidental and consequential damages; and, (5) Donzi was required pursuant to 16 C.F.R. Sec. 700.2 to make the terms of any written warranty available to the consumer prior to the consummation of the sale. Donzi has failed in its obligations.

27. The written limited warranties, which were intended to be the sole remedies of Donzi, have failed of their essential purpose and, under Florida law, such failure makes all of the remedies of the Uniform Commercial Code available to the purchaser.

28. By reason of the facts as afore alleged, Donzi has breached its warranty, as contained on the Pre-Delivery Service Record, as well as each of the aforesaid implied warranties.

29. The Plaintiff hired the law firm of Crabtree & Fallar, P.A. to represent him in this matter and is obligated to pay Crabtree & Fallar, P.A. a reasonable fee for services rendered.

**WHEREFORE**, the Plaintiff demands judgment for damages and/or refund of the purchase price of the goods pursuant to 15 U.S.C. §2310(d)(1), together with incidental and consequential damages, against Donzi together with attorney's fees, pre-judgment interest and costs pursuant to 15 U.S.C §2310(d)(2).

### COUNT IV
### (Deceptive and Unfair Trade Practice Act Violations)

30. This is an action for damages in excess of $15,000.00 and for permanent injunctive relief against Donzi pursuant to Section 501.211(1), Fla. Stat. (1999) and the Plaintiff realleges all allegations previously alleged in Paragraphs 1 through 14 above.

31. Pursuant to 501.204(2), Fla. Stat. (1999), it is the legislative intent in construing subsection (1) of said statute [which proscribes unfair deceptive acts or practices in the conduct of any trade or commerce and declares the same unlawful] that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the Federal Courts relating to S.5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s.45(a)(1). Further, Sec. 501.203 Fla. Stat. (1999) defines in part what a violation of the Florida Act means and may be based upon any rules promulgated pursuant to the Federal Trade Commission Act, the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the Federal Courts, and any law, statute, or rule, which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices.

32. 15. U.S.C. §2310(b) states "It shall be a violation of Sec. 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)) for any person to fail to comply with any requirements imposed on such person by this title [15 U.S.C. §2301 et. seq.] (or a rule thereunder) or to violate any prohibition contained in this title [15 U.S.C. §2301 et. seq.] (or a rule thereunder)."

33. Donzi violated Florida's Deceptive and Unfair Trade Practice Act by:

(A) Attempting to exclude implied warranties of merchantability and implied warranties of fitness for particular purpose and all other warranties express or implied in connection with the transaction while at the same time representing it had performed services stated in the "Pre-Delivery Service

9

Record", a copy of which has been attached, when in fact said "written warranty", and the Pre-Delivery Service Record was a "written warranty" as defined in Sec. 2301(6) of the Magnuson-Moss Federal Warranty Improvement Act (Title 15 U.S. Code) and therefore such attempted exclusions were violative of Sec. 2308(c) of said Act and, thus, constituted a violation of Sec. 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)) and therefore a violation of Florida's Deceptive and Unfair Trade Practice Act.

(B) By virtue of Donzi not complying with the Rules of The Federal Trade Commission, as afore referenced in its Pre-Delivery Service Record, it violated Florida's Deceptive and Unfair Trade Practice Act (based upon the same in connection with Florida's Act and the Federal Deceptive and Unfair Trade Practice Act and the Magnuson-Moss Federal Warranty Improvement Act, as aforesaid).

(C) By virtue of Donzi not complying with the disclosure requirements of service contracts as contained in 15 U.S.C. §2306 of the Magnuson-Moss Federal Warranty Improvement Act (Title 15 U.S. Code) with respect to the delivery of its "Pre Delivery Service Record", it violated Florida's Deceptive and Unfair Trade Practice Act (as based upon the same in connection with Florida's Act and the Federal Deceptive and Unfair Trade Practice Act and the Magnuson-Moss Federal Warranty Improvement Act, as aforesaid).

(D) At various times, Donzi advised the Plaintiff that the boat was ready to be picked up after numerous repairs had been attempted when, in fact, it was

not ready and not properly fixed, which constituted a violation of Florida's Deceptive and Unfair Trade Practice Act.

(E)    When the subject vessel was initially delivered, Donzi represented that numerous of the items on the Pre-Delivery Service Record had been checked and were operating as designed and intended, when in fact, such was not true.

(F)    Donzi breached a number of its warranties, if not all, despite being given numerous occasions to honor same, which constituted a Deceptive and Unfair Trade Practice Act violation.

34. To allow Donzi to continue to violate Florida's Deceptive and Unfair Trade Practice Act would cause irreparable harm to the Plaintiff and consumers in this state justifying permanent injunctive relief.

35. The Plaintiff hired the law firm of Crabtree & Fallar, P.A. to represent him in this matter and is obligated to pay Crabtree & Fallar, P.A. a reasonable fee for services rendered.

**WHEREFORE,** the Plaintiff demands judgment for damages, permanent injunctive relief (pursuant to Sec. 501.211(1) Fla. Stat. (1999)) and costs, pre-judgment interest and attorney's fees (pursuant to Sec. 501.2105 Fla. Stat. (1999)) against Donzi.

## COUNT V
### Violations of Obligations Under
### Magnuson-Moss Federal Warranty Improvement Act

36. This is an action for damages in excess of $15,000.00 and/or refund of goods costing in excess of $15,000.00 and the Plaintiff realleges all allegations previously alleged in Paragraphs 1 through 14 above.

37. Donzi impliedly warranted the subject vessel and goods which it supplied to be of merchantable quality and reasonably fit by virtue of having issued a written warranty to the consumer as afore stated and being unable legally pursuant to 15 U.S.C. §2308(a) and (c) to disclaim any implied warranty to the consumer with respect to the consumer product; and by virtue of the failure of the essential purpose of all of the warranties (as afore alleged), the Plaintiff is entitled to assert all remedies under the Uniform Commercial Code (U.C.C.) against the manufacturer because of the attempt of the seller (in Paragraph 8 of its sale contract, copy of which has been attached) to exclude all implied warranties of merchantability and fitness for particular purpose and all other warranties express or implied. [See Claude Nolan Cadillac, Inc. v. Griffin, 610 So.2d 597 (Fla. 1st DCA 1992), cert. den., 621 So.2d 432 (Fla. 1993); and Frank Griffin Volkswagen, Inc. v. Jerry T. Smith, 610 So.2d 597 (Fla. 1st DCA 1992), cert. den., 620 So.2d 762 (Fla. 1993); 645 So.2d 585 (Fla. 1st DCA 1994); 690 So.2d 1325 (Fla. 1st DCA 1997)].

38. Donzi breached its implied warranty of merchantability and its expressed warranty by virtue of the facts as afore alleged.

39. As a result, the Plaintiff has failed to receive the use and value of a boat as warranted; the Plaintiff has suffered incidental and consequential damages and/or expenses (including, but not limited to, inspection, registration, licenses, dockage fees, storage, improvements, maintenance, etc.); the Plaintiff has lost prejudgment interest on the damages sustained; the Plaintiff has incurred attorney's fees and costs in connection with his representation; and said damages and losses are continuing in nature.

40. The Plaintiff hired the law firm of Crabtree & Fallar, P.A. to represent him in this matter and is obligated to pay Crabtree & Fallar, P.A. a reasonable fee for services rendered.

**WHEREFORE**, the Plaintiff demands judgment for damages and/or refund against Donzi pursuant to 15 U.S.C.S. §2310(d)(1) together with attorney's fees, pre-judgment interest and costs (pursuant to 15 U.S.C.S. §2310(d)(2)).

## COUNT VI
### (Revocation of Acceptance)

41. This is an action for revocation of acceptance of goods costing in excess of $15,000.00:

(A) Against Donzi pursuant to Sec. 672.608, Fla. Stat. (1999) and that guidance given in Parsons v. Motor Homes of America, Inc., 465 So.2d 1285 (Fla. 1st DCA 1985) concerning where a seller attempts to exclude all warranties, express or implied, including that of merchantability, and where a limited warranty fails of its essential purpose which allows all U.C.C. remedies to be available to the Buyer and/or where the seller furnishes a service contract on or within ninety (90) days of date of sale which precludes the seller of the ability of excluding implied warranties of merchantability (a U.C.C. remedy) as to the buyer; and/or;

(B) Pursuant to that authority and guidance as stated in Claude Nolan Cadillac, Inc. v. Griffin, 610 So.2d 725 (Fla. 1st DCA 1992), cert. den. 621 So.2d 432 (Fla. 1993).

42. The Plaintiff realleges all allegations previously alleged in Paragraphs 1 through 14 above.

43. After numerous attempts and opportunities to cure and notices of the need to cure were given to Donzi, the Plaintiff gave notice of revocation of acceptance as previously stated.

44. At the time of said notice of revocation, the said boat and its equipment were in substantially the same defective condition as when they were first delivered to the Plaintiff and the Plaintiff has suffered substantial impairment in value because of the aforesaid problems, breaches of warranty, failure of consideration, the failure of repair attempts to cure, the untimeliness of repair attempts to cure, the misrepresentation in Donzi's advertising as to the degree of quality for which the vessel was supposed to be, and the inordinate delay and/or lack of proper response in repairing the vessel and its equipment problems.

45. There is no adequate remedy at law for Plaintiff and legal remedy cannot cancel the aforesaid purchase contract, warranties, service contract, or allow refund of all of the payments made by the Plaintiff.

46. As a result, the Plaintiff has failed to receive the use and value of a vessel and equipment for which he bargained; he has failed to receive reasonable repairs under the warranties, service contract, and obligations for repair, as afore-plead; he has incurred expenses for inspection, repairs, insurance, maintenance, care, registrations, licenses, improvements, dockage, and storage fees; he has lost interest on the value of his expenditures from the dates made in connection with the foregoing; he has incurred attorney's fees and costs in connection with his representation herein; and said damages and losses are continuing in nature.

47. The Plaintiff hired the law firm of Crabtree & Fallar, P.A. to represent him in this matter and is obligated to pay Crabtree & Fallar, P.A. a reasonable fee for services rendered.

**WHEREFORE,** the Plaintiff demands judgment for revocation of acceptance with all damages, including incidental and consequential damages, costs, pre-judgment interest and attorney's fees (pursuant to Sec. 57.105(5) and Sec. 501.2105 Fla. Stat. (1999) and 15 U.S.C. §2310 (d)(2) against Defendant and further demands that the purchase contract and all warranties be cancelled and upon payment of said full amount of Plaintiff's damages.

<u>Plaintiff Demands Trial by Jury as to All Issues</u>.

CRABTREE & FALLAR, P.A.

_____
Scott W. Fallar, Esquire
Florida Bar Number 833452
**G.A. Tatum, Esquire**
Florida Bar Number 0021306
8777 San Jose Boulevard
Building A, Suite 200
Jacksonville, Florida 32217
**Attorneys for Plaintiff**

G:\DOCS\TLR\RRC\Donzi\complaint.wpd