UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RALPH R. CRABTREE,

           Plaintiff,

vs.                                    Case No.  3:07-cv-464-J-33MCR

DONZI MARINE, LLC, a Delaware limited liability
company,

           Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Donzi Marine's Motion to Dismiss (Doc. #3), filed on May 31, 2007.  Ralph Crabtree filed a Response (Doc. #10) on July 2, 2007.  For the reasons stated below, the Motion to Dismiss is denied.

**I.    STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party.  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957).  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The statement must be sufficient to afford the defendant "fair notice of what

the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003) (quoting Conley, 355 U.S. at 47).   The complaint must contain inferential allegations from which the Defendant can derive "each of the material elements necessary to sustain a recovery under some viable theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001).  Thus, the issue in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claims, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof.  Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

**II.    HISTORY**

Crabtree purchased a boat from Donzi Marine to use for professional and amateur sport fishing in April 2005.  (Doc. #1 ¶¶ 3-4.)  In July 2006, the structural support of the boat hull collapsed and Crabtree delivered the boat to Donzi for repairs.  (Id. ¶¶ 8, 10.)  Donzi remained in possession of the boat for ten months, during which time Donzi allegedly cut the boat deck in half in an attempt to repair the damage.  (Id. ¶¶ 10-11.)  Once Crabtree learned of the apparent condition of his boat, he brought this suit, alleging that the boat's structural integrity was compromised and it could no longer be used for its intended purpose.  (Id. ¶¶ 12-13.)

This action was removed from the Fourth Judicial Circuit, Duval County, Florida, and filed in this Court on May 31, 2007. Crabtree alleges six counts against Donzi: (1) breach of implied warranty of merchantability; (2) breach of implied written warranty of fitness for a particular purpose; (3) breach of obligations under and violations of the Magnuson-Moss Federal Warranty Improvement Act; (4) Florida Deceptive and Unfair Trade Practices Act violations; (5) violations of obligations under the Magnuson-Moss Federal Warranty Improvement Act; (6) revocation of

acceptance.  Crabtree alleges that prior to the delivery of the boat, Donzi completed a Pre Delivery inspection, as designated in the Owner's Manual.  (Doc. #1 ¶ 3.)  Crabtree alleges that the Pre Delivery Service Record is a written warranty, and Donzi breached that warranty.  Crabtree also alleges that Donzi's Limited Warranty, which disclaims any implied warranties, is ineffective and in violation of state and federal law.

### III.   ANALYSIS

#### A.   Pre Delivery Service Record

Donzi first argues in its motion to dismiss that the Pre-Delivery Service Record does not constitute a written warranty, under either state or federal law, and that the only warranty issued by Donzi was the Donzi Marine Limited Warranty, attached as Exhibit "B" to the Complaint.  Crabtree alleges in his Complaint that the Pre-Delivery Service Record was never filled out and signed by a Donzi representative, even though Donzi represented that the pre-delivery inspection was completed. (Doc. #1 ¶ 3.)  As such, the alleged Pre-Delivery Service Record is not attached to any of the pleadings filed with the Court.  The MMWA defines a written warranty as "any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer with relates to the nature of the material or workmanship and affirms or promises that [it] . . . is defect free."  15 U.S.C. § 2301(6).  The Court finds that the Complaint adequately states a claim that the Pre-Delivery constitutes a written warranty, and thus the Court will not dismiss the complaint on this basis and without having considered the actual Pre-Delivery Service Report.

### B.     Standing and Privity of Contract

Donzi next argues that Crabtree is not the real party in interest and therefore lacks standing to bring this suit. Donzi states that it is the manufacturer of the boat in question, which was sold to Coastal Carolina Marine, LLC, the reseller, who in turn sold the boat to Vamoose Fishing Team, Inc. (Doc. #3 at 8.) Donzi argues that Crabtree brought this suit as an individual, and at no point in the transaction is Crabree listed as an owner of the boat. (Id. at 8.) Donzi also argues that for these same reasons, there is no privity of contract between Donzi and Crabtree to support claims of breach of implied warranty and revocation of acceptance.

Crabtree has alleged in his Complaint that he purchased the boat from Donzi. (Doc. #1 ¶ 3.) To support this allegation, the Sales Order Production Notice is attached as Exhibit A. This Notice, authored by Donzi Marine, designates that the boat in question was sold at retail to "Randy Crabtree." (Id. at Ex. A.) The Court finds these facts are consistent with the allegations in the Complaint that the Plaintiff purchased the boat. Therefore, the Court finds that the complaint adequately pleads that Crabtree had standing and privity of contract to maintain this suit.

### C.     Incidental and Consequential Damages

Donzi asserts that Crabtree's claims for incidental and consequential damages must be dismissed because the Donzi Marine Limited Warranty expressly excludes consequential and incidental damages. However, as pleaded in the Complaint, Crabtree alleges that the Pre-Delivery Service Record is the applicable written warranty, not the limited warranty, and there is no claim that the Pre-Service Delivery Record included a similar express disclaimer of incidental and consequential damages. Therefore, the Court declines to dismiss these claims on this basis.

### D. Breach of Warranty under the Magnuson-Moss Warranty Act

Donzi's final argument is that the MMWA does not provide for an independent cause of action for breach of warranty. Donzi argues that the MMWA only provides a federal remedy for additional damages for a breach of warranty under state law. Yet, Donzi confusingly continues, apparently arguing that since federal courts must look to state law to determine breach of warranty claims under the MMWA, these claims can only be brought under state law, and not the federal statute. The Court declines to accept defendant's reasoning. The MMWA does provide for a separate federal cause of action for breach of warranty. 15 U.S.C. § 2310(d)(1); see Gill v. Blue Bird Body Co., 147 Fed. App'x 807, 810 (11th Cir. 2005). Courts must look to relevant state law to determine the meaning and content of a warranty, id., but this does not mean that potential plaintiffs may only bring their claims under state law. As stated in the statute, "a consumer who is damaged . . . under a written warranty, implied warranty, or service contract, may bring suit for damages other legal and equitable relief . . . in an appropriate district court of the United States." 15 U.S.C. § 2310(d)(1).

Donzi does argue that Crabtree failed to plead the necessary elements to state a claim for breach of warranty under Florida law. Under Florida law, a buyer must give reasonable notice to the seller of the breach. § 672607(3)(a), Fla. Stat. (2007). Donzi contends that Crabtree has not pleaded that he gave notice to Donzi of the breach. Donzi also contends that it had a right to cure the breach under Florida law, and Crabtree has not pleaded a refusal or failure to repair the boat. The Court finds these arguments meritless. The Complaint clearly pleads that Crabtree delivered the damaged boat to Donzi in the same month that the hull collapsed. (Doc. #1 ¶¶ 8-10.) Donzi was alleged to be in possession of the boat for ten months prior to the filing of the Complaint, yet the

boat was still not repaired. (Id. ¶¶ 10-11.) These allegations sufficiently state that Donzi was aware of the breach, and failed to cure the breach within a reasonable time. Therefore, the Court finds that Crabtree has adequately stated a claim for breach of warranty under the MMWA, and the Court will not dismiss this claim.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Donzi Marine's Motion to Dismiss (Doc. #3) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 3rd day of October, 2007.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record